UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MARTINEZ,

                              Plaintiff,

            v.                                                    No. 19-CV-8868 (KMK)

CORRECTION OFFICER J. FRANCO, *et*                                OPINION & ORDER
*al.*,

                              Defendants.

Appearances:

Jose Martinez
Malone, NY
*Pro Se Plaintiff*

Sarande Dedushi, Esq.
Julinda A. Dawkins, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

        Plaintiff Jose Martinez ("Plaintiff"), currently incarcerated at Upstate Correctional

Facility ("Upstate"), brings this Action against Correction Officer J. Franco ("Franco"),

Correction Officer A. Berrios ("Berrios"), Correction Sergeant J. Velez ("Velez"), Correction

Officer Delovic ("Delovic"), Correction Nurse Akarumeh ("Akarumeh"), and Correction Nurse

Young ("Young"; collectively "Defendants"), alleging that Defendants assaulted Plaintiff at Sing

Sing Correctional Facility ("Sing Sing") in violation of his Eighth Amendment rights and state

law.  (*See* Compl. (Dkt. No. 1).)  Before the Court is Franco's, Berrios's, Velez's, and Delovic's

(the "Moving Defendants") Motion To Dismiss pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6) (the "Motion").  (*See* Not. of Mot. (Dkt. No. 22).)  For the reasons that follow, the Motion is granted.

## I.  Background

The following facts are taken from Plaintiff's Complaint, (Compl.), and are assumed true for purposes of deciding the Motion.

On July 18, 2019, at approximately 11:30 A.M., Defendants assaulted and battered Plaintiff in a cell at Sing Sing.  (Compl. 3.)[1]  The assault and battery was unprovoked and carried out under color of law, and it caused Plaintiff "severe physical and mental pain and injuries." (*Id*.)  Later the same day, Young and Akarumeh covered up for the Moving Defendants while Plaintiff was assaulted a second time.  (*Id*.)  As a result of these assaults, Plaintiff received seven stitches on his right ear.  (*Id.*)  He also suffered a lower back injury, scars and burns on his body (including on his left and right wrist), and a broken bone in his left leg.  (*Id*.)

Plaintiff filed a grievance at Sing Sing after the incident.  (*Id*. at 4–5.)  Plaintiff alleges that he appealed the decision "from [the] superintendent to CORC," and that the result has been "nothing" because the "investigation [is] ongoing."  (*Id*. at 5.)[2]

Plaintiff's Complaint was filed on September 24, 2019.  (*Id*.)  On October 17, 2019, the Court received Plaintiff's application to proceed in forma pauperis ("IFP"), dated October 3, 2019.  (Dkt. No. 5.)  Also on October 17, 2019, the Court granted Plaintiff's request to proceed IFP.  (Dkt. No. 7.)  Berrios, Velez, and Delovic were served, (Dkt. Nos. 13, 15, 18), and counsel

---

[1] Because of inconsistent native page numbers, the Court refers to the ECF-generated number in the upper right-hand corner when describing the Complaint.

[2] Moving Defendants claim that "despite the allegation in the Complaint, the Superintendent's decision was not issued until after the Complaint was filed with this Court and Plaintiff did not appeal at all."  (Mem. of Law in Supp. of Mot. ("Defs.' Mem.") 5 (Dkt. No. 23).)  The Court does not consider this claim, which contradicts the Complaint.

has appeared on behalf of the Moving Defendants, (*see* Dkt. No. 24).  Service was ineffective for both Akarumeh and Young, and no counsel has appeared on their behalf.  (*See* Dkt. Nos. 11, 12.)  On February 3, 2020, Moving Defendants submitted a letter requesting a conference regarding their anticipated motion to dismiss, (Dkt. No. 20), and the Court adopted a briefing schedule, (Dkt. No. 21).  Moving Defendants filed the Motion on March 12, 2020.  (*See* Not. of Mot.; Defs.' Mem.)  On May 1, 2020, Moving Defendants requested that the Motion be deemed fully submitted, (Dkt. No. 25), and the Court granted their request, (Dkt. No. 26).  On January 5, 2021, the Court extended Plaintiff's time to oppose the Motion, ordered that Plaintiff's address on the docket be updated, and ordered that Moving Defendants send a copy of their moving papers to Plaintiff's address.  (Dkt. No. 28.)[3]  On February 22, 2021, two weeks after Plaintiff's new opposition deadline, Moving Defendants again requested that the Motion be deemed fully submitted, (Dkt. No. 30), and the Court again granted their request, (Dkt. No. 31).[4]  Plaintiff has not opposed the Motion or otherwise communicated with the Court.

## II.  Discussion

### A.  Standard of Review

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'" *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)).

---

[3] Plaintiff's letter updating his address was filed on December 3, 2019, and is dated October 28, 2019.  (Dkt. No. 14.)

[4] While the Court's memo endorsement deeming the Motion fully submitted, (*see* Dkt. No. 31), could not be delivered to Plaintiff, the Court has received no indication that its revised briefing schedule, (*see* Dkt. No. 28), or Moving Defendants' papers, (*see* Not. of Mot.; Defs.' Mem.), were not delivered.

1.  Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (citation and quotation marks omitted).  "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (quotation marks omitted)).

The Second Circuit has explained that a challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or fact-based.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).  When a defendant raises a facial challenge to standing based solely on the complaint and the documents attached to it, "the plaintiff has no evidentiary burden" and a court must determine whether the plaintiff asserting standing "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* (alterations omitted) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).  In making such a determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor. *Id.* at 57.  However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial.  *See Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 119 (2d Cir. 2017).  If the extrinsic evidence presented by the defendant is material and controverted, the Court must make

4

findings of fact in aid of its decision as to jurisdiction. *See Carter*, 822 F.3d at 57. Here, Moving Defendants raise a facial challenge to subject matter jurisdiction. (*See* Defs.' Mem. 6–7.)

### 2. Rule 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed.

R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering Moving Defendants' Motion, the Court is required to "accept as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (citation omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party 'from compliance with relevant rules of procedure and substantive law.'" *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation omitted).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted). However, when the complaint is drafted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at

*4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents either in [the] plaintiff[']s possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted).

    B.  Analysis

        Moving Defendants argue that Plaintiff's Complaint indicates that he did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  (*See* Defs.' Mem. 3–6.)  Moving Defendants also argue that the Court lacks subject matter jurisdiction under N.Y. Corrections Law § 24(1).  (*Id*. at 6–7.)  Typically, when defendants move pursuant to Rules 12(b)(1) and 12(b)(6), courts consider their jurisdictional arguments first.  *See Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 820 F. Supp. 2d 490, 499 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 131 (2d Cir. 2012).  Here, however, Moving Defendants' jurisdictional argument applies only to Plaintiff's claims under state law, and not its claims under 42 U.S.C. § 1983.  (*See* Defs.' Mem. 6–7.)  In other words, Moving Defendants do not challenge the Court's jurisdiction over Plaintiff's § 1983 claim.  And "if plaintiff's § 1983 claim fails, then, in all likelihood, the court will . . . dismiss the remaining pendent state law claims pursuant to Rule 12(b)(1)."  *Bell v. Westmoreland Cent. Sch. Dist.*, No. 87-CV-1592, 1991 WL 33161, at *1 (N.D.N.Y. Mar. 11, 1991).  "Accordingly, the [C]ourt will first consider the viability of [P]laintiff's § 1983 claim."  *Id*.

1.  Exhaustion

Moving Defendants argue that Plaintiff's § 1983 claim is barred because he failed to exhaust his administrative remedies under the PLRA.  (Defs.' Mem. 3–6.)  "Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement. Accordingly, inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (citations and quotation marks omitted).  "However, a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement."  *Id*.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [§] 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This "language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies."  *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).  This requirement applies to "all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), "regardless of the relief offered through administrative procedures," *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, the PLRA "requires proper exhaustion, which means using all steps that the prison grievance system holds out, and doing so *properly* . . . .  Proper exhaustion demands compliance with a prison grievance system's deadlines and other critical procedural rules."  *Williams*, 829 F.3d at 122 (alterations, citations, and quotation marks omitted).

However, the PLRA contains one "textual exception to mandatory exhaustion."  *Ross*, 136 S. Ct. at 1858.  "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]'

of administrative remedies: An inmate, that is, must exhaust available remedies, but need not

exhaust unavailable ones." *Id.* (alteration in original).  Available "grievance procedures . . . are

capable of use to obtain some relief for the action complained of."  *Id.* at 1859 (quotation marks

omitted).  In *Ross*, the Supreme Court provided "three kinds of circumstances in which an

administrative remedy, although officially on the books, is not capable of use to obtain relief."

*Id.* at 1859.  The Supreme Court explained that an administrative remedy is unavailable when:

(1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide

any relief to aggrieved inmates"; (2) "an administrative scheme might be so opaque that it

becomes, practically speaking, incapable of use.  In this situation, some mechanism exists to

provide relief, but no ordinary prisoner can discern or navigate it"; or (3) "prison administrators

thwart inmates from taking advantage of a grievance process through machination,

misrepresentation, or intimidation."  *Ross*, 136 S. Ct. at 1859–60.  The Second Circuit recently

noted "that the three circumstances discussed in *Ross* do not appear to be exhaustive," but

declined to "opine on what other circumstances might render an otherwise available

administrative remedy actually incapable of use."  *Williams*, 829 F.3d at 123 n.2.

   The New York State Department of Corrections and Community Supervision

("DOCCS") Inmate Grievance Program ("IGP") outlines the procedures that apply to grievances

filed by inmates in New York State correctional facilities.  The IGP provides for a three-step

grievance process.  *See* 7 N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") § 701 *et seq.*; *see also*

*Abdallah v. Ragner*, No. 12-CV-8840, 2013 WL 7118083, at *2 (S.D.N.Y. Nov. 22, 2013)

(noting that "[DOCCS] provides an administrative remedy for many prisoners' claims," which is

"a grievance system available to prisoners in custody at state prisons" (citing 7 N.Y.C.R.R.

§ 701.1(c))).  Under the framework used in typical cases, an inmate must first file a complaint at

the facility where the inmate is housed within 21 calendar days of an alleged occurrence.  7
N.Y.C.R.R. § 701.5(a)(1).  Once filed, the representatives of the Inmate Grievance Resolution
Committee ("IGRC") have up to 16 calendar days to resolve the grievance informally.  *Id.*
§ 701.5(b)(1).  If the matter is not satisfactorily resolved, the IGRC conducts a hearing to either
answer the grievance or make a recommendation to the superintendent, *id.* § 701.5(b)(2)(i),
which is scheduled within 16 days after receipt of the grievance, *id.* § 701.5(b)(2)(ii).  The
second step in the tripartite framework is for the grievant or any direct party to appeal the
IGRC's decision to the prison superintendent within seven calendar days after receipt of the
IGRC's written response, although the appealing party can seek an exception to the time limit.
*See id.* § 701.5(c)(1).  The third and final step is to appeal the superintendent's decision to the
Central Office Review Committee ("CORC"), which the prisoner must do within seven days of
the superintendent's written response to the grievance.  *Id.* § 701.5(d)(1)(i).  Here, too, an inmate
may request an exception to the time limit. *See id.*  "[O]nly after CORC has reviewed the appeal
and rendered a decision are New York's grievance procedures exhausted."  *Gardner v.
Daddezio*, No. 07-CV-7201, 2008 WL 4826025, at *2 (S.D.N.Y. Nov. 5, 2008).

Here, it is clear from the face of the Complaint that Plaintiff has not exhausted his
administrative remedies.  Plaintiff alleges that he filed a grievance, that he appealed "from [the]
superintendent to CORC," and that the "investigation [is] ongoing."  (Compl. 4–5.)  These
allegations are inconsistent with the requirement that CORC must have "rendered a decision."
*Gardner*, 2008 WL 4826025, at *2.  Instead, they suggest that "there is an ongoing investigation
into the state's failure to respond to his complaints," and that Plaintiff is thus "obligated under
[PLRA] to pursue his administrative remedies through the grievance procedures established at
the correctional facility."  *Evans v. Esparra*, No. 00-CV-658, 2000 WL 1946822, at *5

10

(S.D.N.Y. Jan. 9, 2000).  The Complaint also alleges that an administrative remedy is available.

Plaintiff indicates that Sing Sing has a "grievance procedure . . . cover[ing] some or all of [his]

claims."  (Compl. 4.)  He further rejects the view that this procedure "[d]oes . . . not cover some

of [his] claims."  (*Id*. (emphasis in original).)  Thus, Plaintiff's § 1983 claims are dismissed for

failure to exhaust his administrative remedies.

### 2.  Failure to Serve

As discussed, neither Akarumeh nor Young have been served.  (*See* Dkt. Nos. 11, 12.)

For both, the U.S. Marshals noted "unable to serve as addressed, cannot identify, envelope

returned."  (*Id*.)  Typically, where, as here, a plaintiff proceeds IFP, he or she is entitled to rely

on service by the U.S. Marshals.  *See* Fed. R. Civ. P. 4(c)(3); *see also Romandette v. Weetabix

Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986).  Although Rule 4(m) specifies that defendants not

served within 90 days of the filing of a complaint should be dismissed, *see* Fed. R. Civ. P. 4(m),

district courts "have discretion to grant extensions, and may do so even in the absence of good

cause."  *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (citation and quotation marks

omitted).  The Second Circuit has stated that "a district court abuses its discretion when, among

other things, it dismisses a complaint sua sponte for lack of service without first giving notice to

the plaintiff and providing an opportunity for her to show good cause for the failure to effect

timely service."  *Id*. (italics omitted).  However, "[p]laintiffs are not excused from complying

with the applicable rules of service merely by virtue of their pro se status."  *Cassano v. Altshuler*,

186 F. Supp. 3d 318, 321 (S.D.N.Y. 2016) (italics omitted) (dismissing case where pro se

plaintiffs failed to effect service on defendants and failed to request an extension of time to

serve).

Here, Plaintiff has been given notice of the failure to serve Akarumeh and Young.  (*See*

Dkt. Nos. 11, 12; Defs.' Mem. 1.)  Plaintiff was also warned that it was his responsibility to

ensure that service was made in a timely fashion and, if necessary, to request an extension of

time for service.  (*See* Dkt. No. 9.)  Nevertheless, Plaintiff has failed to request even an extension

to serve Akarumeh and Young.  It has been over a year since the U.S. Marshals were unable to

serve Akarumeh and Young, (*see* Dkt. Nos. 11, 12), and over 17 months since the Complaint

was originally filed, (*see* Compl.).  In such situations, a district court has the discretion to dismiss

a defendant for failure to serve.  *See Meilleur*, 682 F.3d at 63 ("If a plaintiff proceeding IFP

chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the

Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise

the district court that she is relying on the Marshals to effect service and request a further

extension of time for them to do so."); *Awan v. Experienced Moving Co.*, No. 18-CV-5137, 2019

WL 5088068, at *2 (E.D.N.Y. Aug. 23, 2019) (dismissing unserved defendants where pro se

plaintiff had filed the complaint 11 months prior), *adopted by* 2019 WL 5086687 (E.D.N.Y. Oct.

9, 2019), *appeal dismissed*, No. 19-3625 (2d Cir. Jan. 7, 2020); *Kelley v. Universal Music Grp.*,

No. 14-CV-2968, 2017 WL 2889505, at *3 (S.D.N.Y. July 5, 2017) (dismissing defendants

where pro se plaintiffs failed to effect service of amended complaint or second amended

complaint on those defendants), *adopted by* 2017 WL 3995623 (S.D.N.Y. Sept. 11, 2017); *Terry

v. Village of Ossining*, No. 12-CV-5855, 2013 WL 5952834, at *5 (S.D.N.Y. Nov. 5, 2013)

(dismissing defendants in a pro se action without prejudice where the defendant had not yet been

served over a year after the case was originally filed); *Landy v. Irizarry*, 884 F. Supp. 788, 793

(S.D.N.Y. 1995) ("Even allowing for [p]laintiff's pro se [and IFP] status, given the time he has

had to address the problem it cannot be reasonably concluded that he has been diligent or made a

good faith effort to [effect service]." (italics omitted)).  Thus, Plaintiff's claims against

Akarumeh and Young are dismissed.

### 3.  Supplemental Jurisdiction

As Plaintiff maintains no live federal claims, the Court declines to exercise supplemental

jurisdiction over Plaintiff's state law claims against Moving Defendants.  *See Marcus v. AT&T*

*Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before

trial, the state claims should be dismissed as well."); *Thomas v. Grunberg 77 LLC*, No. 15-CV-

1925, 2017 WL 3263141, at *1 (S.D.N.Y. July 28, 2017) (dismissing state claims where the

federal claims had been mooted); *Torres v. City of New York*, 248 F. Supp. 2d 333, 334

(S.D.N.Y. 2003) ("Where the basis for pendent jurisdiction is dismissed, ordinarily so should the

state law claims be dismissed.").  Thus, the Court does not consider Moving Defendants'

argument that it lacks subject matter jurisdiction over Plaintiff's state law claims under N.Y.

Corrections Law § 24(1).  (*See* Defs.' Mem. 6–7.)

### III.  Conclusion

For the foregoing reasons, Moving Defendants' Motion To Dismiss is granted.  Because

this is the first adjudication of Plaintiff's claims, the dismissal is without prejudice.  Plaintiff may

file an amended complaint within 30 days of the date of this Opinion & Order.  The amended

complaint should contain appropriate changes to remedy the deficiencies identified in this

Opinion.  Plaintiff is advised that the amended complaint will replace, not supplement, the

instant Complaint, and therefore must contain all of the alleged facts that the Plaintiff wishes the

Court to consider.  If Plaintiff continues to name Akarumeh and Young in his amended

complaint, he should provide as much identifying information as possible so that they may be

served.  (*See* Dkt. Nos. 11, 12.)  If Plaintiff fails to abide by the 30-day deadline, his claims may

be dismissed with prejudice.

      The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No.

22), and mail a copy of this Opinion & Order to Plaintiff.

SO ORDERED.

DATED:      March 30, 2021
             White Plains, New York

                                  KENNETH M. KARAS
                                  UNITED STATES DISTRICT JUDGE

14