UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE MARTINEZ,

                                    Plaintiff,

        v.

CORRECTION OFFICER J. FRANCO,
CORRECTION OFFICER A. BERRIOS,
CORRECTION SERGEANT J. VELEZ,
CORRECTION OFFICER DELOVIC,

                                    Defendants.

---

No. 19-CV-8868 (KMK)

OPINION & ORDER

Jose Martinez
Dannemora, NY
*Pro Se Plaintiff*

Sarande Dedushi, Esq.
Julinda A. Dawkins, Esq.
Office of the New York State Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

        Pro se Plaintiff Jose Martinez ("Plaintiff"), currently incarcerated at Clinton Correctional

Facility, brings this Action against Correction Officer J. Franco ("Franco"), Correction Officer

A. Berrios ("Berrios"), Correction Sergeant J. Velez ("Velez"), and Correction Officer Delovic

("Delovic"; collectively, "Defendants"), alleging that Defendants assaulted Plaintiff while he

was incarcerated at Sing Sing Correctional Facility ("Sing Sing") in violation of his Eighth

Amendment rights, as made actionable by 42 U.S.C. § 1983. (*See generally* Second Am. Compl.

("SAC") (Dkt. No. 36).)  Before the Court is Defendants' Motion To Dismiss the Second

Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion").  (*See* Not. of Mot. (Dkt. No. 39).)  For the foregoing reasons, the Motion is granted.

I.  Background

A.  Factual Background

The following facts are taken from the Second Amended Complaint ("SAC") and the exhibits attached thereto and are assumed to be true for purposes of resolving the instant Motion. *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

On July 18, 2019, at approximately 11:30am, Plaintiff was assaulted by Defendants while in his cell at Sing Sing—Housing Block B, Gallery T, Cell 14.  (*See* SAC 2.)  This attack was without provocation, and caused Plaintiff both physical injuries and mental suffering.  (*See id.*)  Specifically, Plaintiff suffered a cut to his right ear, which necessitated seven stitches to close; an injury to his lower back; scars and burns on his body, including both wrists; and a broken bone in his left leg.  (*See id.* at 2–3.)

On July 25, 2019, Plaintiff filed a grievance against Defendants with Sing Sing's Inmate Grievance Review Committee ("IGRC"), which denied Plaintiff's grievance.  (*See id.* at 3; *see also* SAC Ex. A.)  Plaintiff then appealed the IGRC's decision to the Superintendent of Sing Sing, who affirmed the IGRC's decision on November 26, 2019, noting that "[b]ased on the investigation conducted, no evidence could be found to substantiate [Plaintiff's] allegations." (SAC Ex. B.)  Plaintiff then appealed the Superintendent's decision to the Department of Corrections and Community Supervision's ("DOCCS") Central Office Review Committee ("CORC") in Albany, who affirmed the Superintendent's decision.  (*See id.*)

B.  Procedural History

Plaintiff's initial Complaint was docketed on September 24, 2019, bringing claims against Defendants in addition to Sing Sing Facility Nurses Akarumeh and Young.  (*See generally* Compl. (Dkt. No. 1).)  Plaintiff's request to proceed in forma pauperis was granted on October 17, 2019.  (*See* Dkt. No. 7.)  On February 3, 2020, Defendants filed a pre-motion letter with the Court in anticipation of moving to dismiss the Complaint, (*see* Dkt. No. 20), and on February 13, 2020, the Court entered a briefing schedule, (*see* Dkt. No. 21).  On March 12, 2020, Defendants filed their Motion To Dismiss.  (*See* Not. of Mot. to Dismiss Compl. (Dkt. No. 22); Defs.' Mem. of Law in Supp. of Mot. To Dismiss Compl. (Dkt. No. 23).)  Plaintiff failed to respond to the Motion, even after the Court granted an additional extension, (*see* Dkt. No. 28); accordingly, the Court deemed Defendants' Motion To Dismiss fully submitted, (*see* Dkt. No. 31).

On March 30, 2021, the Court granted Defendants' Motion To Dismiss, dismissing Plaintiff's claims without prejudice.  (*See generally* Op. & Order ("MTD Op.") (Dkt. No. 32).) The Court ruled that because Plaintiff had stated in the Complaint that the grievance process was ongoing, his claims were barred for failure to exhaust under the Prison Litigation Reform Act ("PLRA").  (*See id.* at 8–11.)  The Court also ruled that Plaintiff's claims against Akarumeh and Young were subject to dismissal under Rule 4(m).  (*See id.* at 11–13.)

Plaintiff's First Amended Complaint ("FAC"), which was docketed on June 9, 2021, brought the same claims against the same defendants and failed to address the deficiencies that the Court had identified in ruling on Defendants' Motion To Dismiss the Complaint.  (*See* First Am. Compl. (Dkt. No. 34).)  Accordingly, on June 22, 2021, the Court entered an Order to Show Cause, ordering Plaintiff to show cause as to why the case should not be dismissed for failure to state a claim and failure to prosecute.  (*See* Order to Show Cause (Dkt. No. 35).)  In response,

3

Plaintiff filed the SAC, which was docketed on July 23, 2021.  (*See* SAC.)  Plaintiff dropped his

claims against Akarumeh and Young, but otherwise brought the same claims against Defendants.

(*See id.*)  Defendants filed a pre-motion letter on July 27, 2021, (*see* Dkt. No. 37), and the Court

set a briefing schedule for Defendants' Motion To Dismiss the SAC, (*see* Dkt. No. 38).

Defendants filed the instant Motion on September 3, 2021, (*see* Not. of Mot.; Defs.' Mem. of

Law in Supp. of Mot. ("Defs.' Mem.") (Dkt. No. 40)), to which Plaintiff did not respond, (*see*

Dkt.).  Accordingly, on October 18, 2021, the Court deemed Defendants' Motion fully

submitted.  (*See* Dkt. No. 42.)

## II.  Discussion

### A.  Standard of Review

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject

matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'"

*Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn.

June 3, 2014) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)).

#### 1.  Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has

authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233,

241 (E.D.N.Y. 2014) (quotation marks omitted).  "Determining the existence of subject matter

jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter

jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional

power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008),

*aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing

subject matter jurisdiction as the "threshold question" (quotation marks omitted)).

The Second Circuit has explained that a challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or fact-based. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). When a defendant raises a facial challenge to standing based solely on the complaint and the documents attached to it, "the plaintiff has no evidentiary burden," *id.* (citing (*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)), and a court must determine whether the plaintiff asserting standing "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue," *id.* (alterations omitted) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir.2009)). In making such a determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor. *Id.* at 57. However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings, a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 119 (2d Cir. 2017). "If the extrinsic evidence presented by the defendant is material and controverted, the . . . [C]ourt must make findings of fact in aid of its decision as to standing." *Carter*, 822 F.3d at 57.

### 2. Rule 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Rather, a

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting FED. R. CIV. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw all reasonable inferences in the plaintiff's favor," *Div. 1181*, 9 F.4th at 95 (citation omitted).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).  Where, as here, a plaintiff proceeds pro se, the court must "construe[] [his]

[complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted).  Although "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law," *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)), when a plaintiff proceeds pro se, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted).

### B.  Analysis

Plaintiff brings two claims under the Eighth Amendment based on Defendants' alleged assault of him while he was an inmate at Sing Sing: (1) deliberate indifference to medical needs, and (2) "cruel and harsh conditions of confinement."  (SAC 4–5.)  Defendants argue that these claims must be dismissed because (1) the SAC makes clear that Plaintiff failed to exhaust his administrative remedies prior to bringing suit, (*see* Defs.' Mem. 4–9); (2) Plaintiff fails to state a cognizable claim for deliberate indifference to medical needs, (*see id.* at 9–11); (3) Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment, (*see id.* at 11); and (4) the Court lacks subject matter jurisdiction over any claims that Plaintiff may be attempting to bring under state law pursuant to New York Correction Law § 24, (*see id.* at 11–12).  The Court agrees with Defendants that it is clear from the face of the SAC that Plaintiff failed to exhaust his administrative remedies prior to initiating this Action and thus, his claims must be dismissed.

1.  Standard for Exhaustion

As the Court explained in its Opinion granting Defendants' Motion To Dismiss the Complaint, while "'[f]ailure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement . . . , a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement.'"  (MTD Op. 8 (quoting *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)).)  "The PLRA provides that '[n]o action may be brought with respect to prison conditions under [§] 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such remedies as are available are exhausted.'"  (*Id.* (alterations in original) (quoting 42 U.S.C. § 1997e(a)).)  "This 'language is mandatory: An inmate shall bring no action (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies.'"  (*Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016)).)  And, "[t]his requirement applies to 'all inmate suits about prison life,' 'regardless of the relief offered through administrative procedures.'"  (*Id.* (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002) and *Booth v. Churner*, 532 U.S. 731, 741 (2001)).)  "Moreover, the PLRA 'requires proper exhaustion, which means using all steps that the prison grievance holds out, and doing so *properly* . . . .  Proper exhaustion demands compliance with a prison grievance system's deadlines and other critical procedural rules.'"  (*Id.* (alteration in original) (quoting *Williams*, 829 F.3d at 122).)

"However, the PLRA contains one 'textual exception to mandatory exhaustion,'" which is that an inmate must only exhaust *available* remedies.  (*Id.* at 8–9 (quoting *Ross*, 136 S. Ct. at 1858).)  "Available 'grievance procedures . . . are capable of use to obtain some relief for the action complained of.'"  (*Id.* (alteration in original) (quoting *Ross*, 136 S. Ct. at 1859).)  The Supreme Court has described "'three kinds of circumstances in which an administrative remedy,

although officially on the books, is not capable of use to obtain relief,'" when: "(1) 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) 'an administrative scheme might be so opaque that is becomes, practically speaking, incapable of use . . . '; or (3) 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" (*Id.* (quoting *Ross*, 136 S. Ct. at 1859–60).) The Second Circuit has noted that these three circumstances "'do not appear to be exhaustive,'" but has "declined to 'opine on what other circumstances might render an otherwise available administrative remedy actually incapable of use.'" (*Id.* (quoting *Williams*, 829 F.3d at 123 n.2).)

The DOCCS Inmate Grievance Process ("IGP") includes a three-step grievance that applies to grievances filed by inmates housed in New York state correctional facilities, such as Sing Sing. (*See id.* at 9.) The Court outlined the IGP in more detail in its previous Opinion, but briefly, the process requires the following: (1) an inmate must file a complaint with his or her facility's IGRC within 21 calendar days of the alleged incident; (2) if the IGRC does not resolve the complaint to the grievant's satisfaction, the grievant must appeal the decision to the facility's superintendent within seven calendar days of receipt of the IGRC's written response; (3) if the superintendent does not resolve the complaint to the grievant's satisfaction, the grievant must appeal to the CORC within seven calendar days of the superintendent's written response. (*See id.* at 9–10.)

Critically, an inmate may not initiate an Action in federal court until the entire grievance process is concluded. The Second Circuit made this clear in *Neal v. Goord*, 267 F.3d 116 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002), in which the court explained that while dismissing an inmate's suit and requiring him or her to initiate a new

lawsuit may be "judicially inefficient," "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court." *Id.* at 123.  It is for this reason that "[s]ubsequent exhaustion after suit is filed therefore is insufficient." *Id.* at 122; *see also Hayes v. Dahlke*, 976 F.3d 259, 271–72 (2d Cir. 2020) (reaffirming that "proper exhaustion of administrative remedies means using all steps that the agency holds out, and doing so properly," and thus that "subsequent exhaustion after suit is filed is insufficient and will not save a case from dismissal" (alterations and quotation marks omitted)); *McCoy v. Goord*, 255 F. Supp. 2d 233, 246 (S.D.N.Y. 2003) ("It is well established that to exhaust . . . a prisoner must grieve his complaint about prison conditions up through the highest level of administrative review before filing suit." (quotation marks omitted)).  As such, "when a prisoner does not properly exhaust his or her administrative remedies before filing suit, the action *must* be dismissed," "even where, . . . it might seem more efficient simply to proceed with the lawsuit rather than dismiss it only to see it immediately re-filed." *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 582 (S.D.N.Y. 2015) (alterations and quotation marks omitted).

  2.  Application

   Here, as Defendants argue and the Court previously held, it is clear that Plaintiff did not fully exhaust his administrative remedies prior to bringing suit.  (*See* Defs.' Mem. 4–9; MTD Op. 8–11.)  The exhibits that Plaintiff attached to the SAC demonstrate that Plaintiff filed his grievance on July 25, 2019 and received a response from the Sing Sing Superintendent on November 26, 2019, (*see* SAC Exs. A, B)—over two months *after* Plaintiff's initial Complaint was docketed on September 24, 2019, (*see* Compl.).  As such, even taking as true that CORC has now rendered a final decision affirming the Superintendent's decision, (*see* SAC 3), it is clear that Plaintiff did not receive a decision from CORC until well after he initiated this Action.

Moreover, there is no indication from the SAC that an administrative remedy was unavailable to Plaintiff; to the contrary, Plaintiff alleges that he has availed himself of DOCCS's grievance procedures.  (*See id.*)  Accordingly, Plaintiff's claims must be dismissed for failure to exhaust prior to bringing suit.  *See, e.g.*, *Massey v. Sapp*, No. 19-CV-11902, 2021 WL 4461825, at *3–5 (S.D.N.Y. Sept. 29, 2021) (adopting recommendation of dismissal because "the failure to exhaust was unambiguous from the face of the [complaint]" and "[the] [p]laintiff has not shown that his clear failure to exhaust the administrative remedies was excusable under the PLRA"); *Lopez*, 136 F. Supp. 3d at 583–84 (explaining that "while . . . nonexhaustion is an affirmative defense . . . dismissal based on exhaustion grounds is appropriate" because "[n]onexhaustion is clear from the face of the [complaint] and the documents that [the] [p]laintiff has submitted").

The Court thus need not consider Defendants' other arguments in favor of dismissal.

### III.  Conclusion

For the foregoing reasons, the Court grants Defendants' Motion To Dismiss.  Because this is the second adjudication of Plaintiff's claims, the claims are dismissed with prejudice.[1]

---

[1] To be clear, while the Court's dismissal of the instant Action is with prejudice, Plaintiff may re-file once he has fully exhausted his administrative remedies, provided that Plaintiff files within the applicable statute of limitations.  *See, e.g.*, *Tenemille v. Town of Ramapo*, No. 18-CV-724, 2020 WL 5731964, at *8 (S.D.N.Y. Sept. 24, 2020) ("[C]laims brought pursuant to § 1983 in New York are subject to a three-year statute of limitations." (citing *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013))); *but see Marshall v. Annucci*, No. 16-CV-8622, 2018 WL 1449522, at *4 (S.D.N.Y. Mar. 22, 2018) ("In the context of prisoner rights litigation, the Second Circuit has recognized that the applicable statute of limitations must . . . 'be tolled while a prisoner completes the mandatory exhaustion process.'" (quoting *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011))).

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 39), mail a copy of this Opinion & Order to Plaintiff at the address listed in the docket, and close this case.

SO ORDERED.

Dated: April 29, 2022
   White Plains, New York

                 KENNETH M. KARAS
               United States District Judge